UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

CLIFFORD L. NOLL,

                                    Plaintiff,

        -vs-

UNITED STATES OF AMERICA,

                                    Defendant.

No.    2:14-CV-00556-WFN

ORDER FINDING CLIFFORD L. NOLL A
VEXATIOUS LITIGANT AND IMPOSING
PRE-FILING RESTRICTIONS

        Before the Court is Defendant's Motion to Deem Clifford L. Noll a Vexatious Litigant and for Entry of Pre-Filing Order.  Dkt. 10.  Defendant requests that the Court declare Plaintiff a vexatious litigant and impose a pre-filing Order intended to curtail Plaintiff's ability to file suits similar to his past suits.  Plaintiff responded to Defendant's Motion (Dkt. 12) and the Defendant replied (Dkt. 18).  On September 16, 2015, the Court held a hearing on Defendant's Motion and on whether the Court should sanction Plaintiff under Federal Rule of Civil Procedure 11 for filing a frivolous complaint.   Plaintiff appeared *pro se*; attorney Aaron M. Bailey represented Defendant.

## BACKGROUND

        Since 1992, Plaintiff has commenced approximately twelve civil actions before this Court.  All of Plaintiff's suits have been against Defendant, or employees, agents, and officers of the United States, and have involved claims concerning the seizure and sale of Plaintiff's real and personal property to cover Plaintiff's tax liability.  All of Plaintiff's suits were dismissed, in most cases, because the Court found that it lacked subject matter jurisdiction.

## LEGAL STANDARD

### A.    Vexatious Litigant

        "Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'"  *Ringgold-Lockhart v. Cnty. of*

ORDER - 1

*Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir.1990)).  "Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), 'enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction' that courts may impose."  *Id.*

"Restricting access to the courts is, however, a serious matter."  *Id.*  "'[T]he right of access to the courts is a fundamental right protected by the Constitution.'"  *Id.* (quoting *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir.1998)).  "The First Amendment 'right of the people . . . to petition the Government for a redress of grievances,' which secures the right to access the courts, has been termed 'one of the most precious of the liberties safeguarded by the Bill of Rights.'"  *Id.* (quoting *BE & K Const. Co. v. NLRB,* 536 U.S. 516, 524–25 (2002)).  "Profligate use of pre-filing orders could infringe this important right, *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir.2007) (per curiam), as the pre-clearance requirement imposes a substantial burden on the free-access guarantee."  *Id.* at 1062.

"Out of regard for the constitutional underpinnings of the right to court access, 'pre-filing orders should rarely be filed,' and only if courts comply with certain procedural and substantive requirements.  *Id.* (quoting *De Long*, 912 F.2d at 1147).  When district courts seek to impose pre-filing restrictions, they must:

> (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Id.* (citing *DeLong*, 912 F.2d at 1147–48).

## B.    Rule 11 Sanctions

Federal Rule of Civil Procedure 11 allows the Court, on its own initiative, to sanction a litigant who files a pleading or motion that fails to present "claims, defenses, and other legal contentions [that] are warranted by existing law" or "factual contentions

[that] have evidentiary support." Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A–C Co.,* 859 F.2d 1336, 1344 (9th Cir. 1988). Rule 11 sanctions are discretionary and represent "an extraordinary remedy, one to be exercised with extreme caution." *Id.*

## DISCUSSION

**A.    Vexatious Litigant**

### 1.    Opportunity to oppose pre-filing Order

Plaintiff has had an opportunity to oppose Defendant's request for a pre-filing Order. Defendant filed its Motion on May 15, 2015. Plaintiff filed a response (Dkt. 12), as well as a Motion to Prohibit the Tax Division of the U.S. Department of Justice from Entering This Suit (Dkt. 13). The Court held a hearing on Defendant's Motion on September 16, 2015, at which time defense counsel explained why he thought a pre-filing order was appropriate and necessary. Plaintiff maintained that taxes had improperly been assessed against him, but did not otherwise have a response to Defendant's Motion. The Court has considered the arguments of the parties and is fully informed.

### 2.    Adequacy of the record

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Ringgold-Lockhart*, 761 F.3d at 1063 (citing *De Long,* 912 F.2d at 1147). The Court previous ordered Defendant to provide the Court with certified copies of Plaintiff's past complaints and the Orders disposing of Plaintiff's past cases. Defendant provided these certified copies in electronic format to the Court and Plaintiff. These documents are included in the attached appendices.[1]

_____

[1]Some documents contained in the appendices are not certified copies provided by Defendant. *See* Appendix 8, Appendix 11 at 18-28. These documents, however, are available on the Court's electronic docket, and the Court takes judicial notice that these

### a. *Noll v. United States*, 1:92-CV-282-HLR (D. Idaho)

Plaintiff filed suit against three Internal Revenue Service [IRS] agents seeking injunctive relief that would "require[e] the [IRS] to relinquish all claims and liens involving the plaintiffs and to refund $119.00 which plaintiffs paid for the duplication of records that they allegedly never received." Appendix 1 at 4. The Court found that the United States was the proper party Defendant and dismissed Plaintiff's case for lack of subject matter jurisdiction because Plaintiff failed to meet the criteria under the Anti-Injunction Act. *Id.* at 17-19. The Court noted that Plaintiff's "action attempts to impede the collection activities of the IRS" and that Plaintiff's recourse for wrongful tax assessment would be "to appeal to the tax court or to pay the tax in full and then sue for a refund in district court." *Id.* at 19.

### b. *Noll v. United States*, 3:93-CV-100-HLR (D. Idaho)

Plaintiff filed suit against the IRS challenging the assessment of tax against him. Appendix 2 at 1-2. Plaintiff also invoked the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552a(g)(1)(C), 702, to seek documents from the IRS to determine the agency's jurisdiction. *Id.* at 3-4. The Court dismissed Plaintiff's case for lack of subject matter jurisdiction upon finding that Plaintiff had not exhausted his administrative remedies under FOIA. *Id.* at 16-17; *see Noll v. IRS, U.S. Dep't of Treasury*, 1994 WL 745184 (D. Idaho) (report and recommendation).

### c. *Noll v. United States*, 3:94-CV-521-EJL (D. Idaho)

Plaintiff filed suit against the IRS claiming the IRS wrongfully assessed taxes against him in the years 1976-1984 and 1988. Appendix 3 at 1. Plaintiff contended that the IRS unlawfully placed a lien on, and eventually sold, his real property. *Id.* at 2. Plaintiff argued that the IRS failed to respond to his request for records under FOIA. *Id.*

---

documents are authentic. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[The Court] may take judicial notice of court filings and other matters of public record.").

at 2-3.  The Court concluded that it lacked subject matter jurisdiction because Plaintiff had not exhausted his administrative remedies under FOIA.  *See Noll v. IRS, Dep't of Treasury*, 1996 WL 84671 (D. Idaho) (report and recommendation); Appendix 3 at 5-6 (order adopting report and recommendation).  The Court further advised that Plaintiff's remedies were limited to those available under the tax code.  *Noll*, 1996 WL 8467112, at *3 (citing 5 U.S.C. § 702; 26 U.S.C. § 7421).

### d.  *Noll v. United States*, 3:96-CV-280-EJL (D. Idaho)

Plaintiff filed suit against the IRS.  Appendix 4 at 6-20.  Plaintiff again argued that the IRS improperly assessed taxes against him in the years 1976-84 and 1988.  *Id.* at 14.  Plaintiff attempted to clarify that he "is not a tax protester; he is simply a person NOT REQUIRED to file."  *Id.*  The Court dismissed the case for lack of subject matter jurisdiction based on the IRS's sovereign immunity.  *Id.* at 2-3.

### e.  *Noll v. United States*, 3:97-CV-145-EJL (D. Idaho)

Plaintiff filed suit against the United States, raising a number of constitutional claims.  Appendix 5 at 43-44.  The Court dismissed the case "[d]ue to the fact that Plaintiff failed to indicate any statutory scheme or regulation waiving sovereign immunity."  *Id.* at 1, 6-10.  Plaintiff appealed to the Ninth Circuit, which found Plaintiff's appeal "wholly without merit," dismissed the appeal, and sanctioned Plaintiff $2,000.  *Noll v. United States*, 165 F.3d 916, 1998 WL 823413 (9th Cir.) (unpublished).

### f.  *Noll v. United States*, 3:99-CV-590-EJL (D. Idaho)

Plaintiff filed suit against the United States asserting a litany of claims.  Appendix 6 at 2-13.  Among other claims, Plaintiff argued that the United States violated his due process rights by failing to provide notice of what tax was owed by Plaintiff; the United States seized Plaintiff's money and real property without warrant; the IRS did not have authority to collect tax from Plaintiff; and, the IRS failed to send Plaintiff a deficiency notice.  *Id.*  Plaintiff also asserted that he was not subject to the assessed tax, the IRS lacked regulatory authority, and that his property was not subject to seizure.  *Id.* The Court

dismissed the case upon finding that the United States had not waived its sovereign immunity. *Id.* at 14-15.

### g.  *Noll v. Peterson, et al.*, 2:01-CV-2-EJL (D. Idaho)

Plaintiff filed suit against a number of IRS employees and his bank.  Appendix 7 at 1-11.  Plaintiff asserted a *Bivens* [*v. Six Unknown Named Agents*, 403 U.S. 388 (1971)] claim against the individual federal Defendants as well as claims asserting that Defendants violated numerous constitutional and statutory laws in assessing taxes against him.  *Id.* The Court dismissed Plaintiff's claims due to lack of subject matter jurisdiction because the federal Defendants had not waived their sovereign immunity.  *See Noll v. Peterson, et al.*, 2001 WL 721733, at *3-4 (D. Idaho) (report and recommendation); Appendix 7 at 12-13 (order adopting report and recommendation).

### h.  *Noll v. Lodge*, 2:02-CV-87-BLW  (D. Idaho)

Plaintiff filed a Petition for Writ of Habeas Corpus against U.S. District Court Judge Edward J. Lodge.  Appendix 8 at 1-6.  Plaintiff raised claims alleging that Judge Lodge improperly dismissed his prior suits in violation of his rights to due process and rights contained in the First and Fifth Amendments.  *Id.*  The Court dismissed Plaintiff's petition on the grounds that the claims could not be addressed in a habeas corpus proceeding.  *Id*. at 7-9.

### i.  *Noll v. Rehnquist*, 2:02-484-EJL (D. Idaho)

Plaintiff filed suit against the United States Supreme Court and Chief Justice William H. Rehnquist.  Appendix 9 at 1-2.  Plaintiff had apparently filed a Complaint (a "common law appeal") with the United Supreme Court, which the Court had dismissed. *Id.* at 1.  Plaintiff's Complaint argued that this dismissal was improper and Plaintiff sought to compel Chief Justice Rehnquist to appear in the District of Idaho to explain why the Supreme Court dismissed his Complaint.  *Id.* at 1-2.  The district court found that it had no jurisdiction "to compel the United States Supreme Court to grant certiorari or to compel an appearance by its Chief Justice."  *Id.* at 4-6.  The Court dismissed the case for failure to state a claim upon which relief can be granted.  *Id.*

### j.   *Noll v. United States*, 2:03-CV-34-BLW (D. Idaho)

Plaintiff filed suit in Kootenai County District Court against the District of Columbia.  Appendix 10 at 1-2.  Plaintiff alleged that the District of Columbia improperly subjected him to admiralty jurisdiction, did not provide any legal justification for seizing Plaintiff's property, and threatened to interfere with Plaintiff's right to own and control property.

The United States removed the case to the U.S. District Court for the District of Idaho.  *Id.*  The Court found Plaintiff failed to state a claim and ordered Plaintiff to amend his Complaint.  *Id.* at 3.  Plaintiff never amended the Complaint and the Court dismissed the suit.  *Id.* at 5-7.

### k.   *Noll v. Peterson, et al.*, 2:12-CV-138-BLW (D. Idaho)

Plaintiff filed suit against a number of IRS agents and employees.   Appendix 11 at 1-4.  Plaintiff declared himself "a lawful non-taxpayer" and argued that the Defendants violated his Fourth and Fifth Amendment rights by assessing taxes against him and placing a lien on, and eventually selling, his property.  *Id*.

The Court dismissed the case, finding that Defendants had not waived their sovereign immunity.  *Id.* at 14-25.  Plaintiff appealed the district court's decision to the Ninth Circuit.  *Id.* at 5-13.  The Ninth Circuit dismissed the appeal because Plaintiff had failed to pay the sanctions imposed in appeal No. 98-35396 (Appeal of D. Idaho cause number 3:97-CV-145-EJL).  *Id.* at 26.  Plaintiff filed a petition for a writ of certiorari, which was denied.  *Id.* at 27.

### l.   *Noll v. Peterson, et al.*, 2:14-CV-00556-WFN (D. Idaho)

In the above-captioned case, Plaintiff filed suit against IRS employees, Department of Justice attorneys, and judges of the U.S. District Court for the District of Idaho.  Dkt. 1.  Plaintiff asserted a number of claims alleging that Defendants unlawfully conspired to seize and sell Plaintiff's real estate and personal property.  *Id.*  In a forthcoming Order, the Court dismisses Plaintiff's claims upon finding that Plaintiff failed to show that Defendant waived its sovereign immunity.

1

### 3.    Substantive findings

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Ringgold-Lockhart*, 761 F.3d at 1064 (citing *De Long,* 912 F.2d at 1148).  "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* (quoting same).  "While [the Ninth Circuit] [has] not established a numerical definition for frivolousness, [the Ninth Circuit] [has] said that "even if [a litigant's] petition is frivolous, the court [must] make a finding that the number of complaints was inordinate." *Id.* "Litigiousness alone is not enough, either: 'The plaintiff's claims must not only be numerous, but also be patently without merit.'" *Id.* (quoting *Molski,* 500 F.3d at 1059).

"As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings "show a pattern of harassment." *Id.* (citing *De Long,* 912 F.2d at 1148).  "However, courts must 'be careful not to conclude that particular types of actions filed repetitiously are harassing,' and must '[i]nstead . . . discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court.'" *Id.* (citing *De Long,* 912 F.2d at 1148 n.3).

Plaintiff's suits are frivolous and his continued filing of suits challenging the assessment of federal taxes against him evidence complete disregard for this Court's prior Orders.  All of Plaintiff's Complaints have been premised on his belief that he is not subject to federal taxation.  The Court has repeatedly advised Plaintiff that the IRS (and its employees and agents) has constitutional and statutory authority to assess and collect taxes and that Plaintiff's challenges to the IRS's authority are meritless.  In some cases, the Court stated that Plaintiff could challenge the IRS's assessment of tax against him by appealing to the United States Tax Court or by paying the tax and then filing a claim for a refund with the Court.  *See*, *e.g.*, Appendix 1 at 19.  Plaintiff has never indicated that he pursued these legitimate remedies.  Regarding Plaintiff's repeated FOIA claims, the Court dismissed these claims on the ground that Plaintiff failed to exhaust his administrative

remedies.  *See*, *e.g.*, *Noll v. IRS, U.S. Dep't of Treasury*, 1994 WL 745184 (D. Idaho) (cause no. 3:93-CV-100-HLR).  Despite being so advised, Plaintiff has apparently never pursued his information requests through the appropriate channels.  Plaintiff has continued to sue government employees and officials despite the Court's previous Orders finding such defendants protected by sovereign immunity.  *See*, *e.g.*, Appendix 4 at 2-3; Appendix 5 at 1, 6-10; *Noll v. Peterson, et al.*, 2001 WL 721733, at *3-4 (D. Idaho) (report and recommendation), Appendix 7 at 12-13 (order adopting report and recommendation); Appendix 11 at 5-16.  As evidenced by Plaintiff's most recent Complaint (2:14-CV-556-WFN), Plaintiff makes no effort to overcome this jurisdictional bar.  In addressing Plaintiff's appeal of his 2001 case, the Ninth Circuit concluded that Plaintiff's claims were "wholly without merit."  *Noll v. United States*, 165 F.3d 916, 1998 WL 823413 (9th Cir.) (unpublished).  Plaintiff's claims are frivolous.

The Court finds that the number of Complaints filed by Plaintiff is inordinate. Between 1992 and 2014, Plaintiff has filed at least twelve suits against the United States and federal employees and officials.  Each Complaint raises the same claims challenging the imposition and collection of taxes against him, particularly the IRS's seizure and sale of his real and personal property.  The Court further finds that Plaintiff's claims are patently without merit as they are premised on his belief that he is not subject to federal taxation.  The Court has consistently disagreed with this premise and has recommended Plaintiff pursue legitimate remedies.  The fact that Plaintiff continues to file suit against government employees and officials challenging his tax liability borders on harassment, but the Court need not make this finding as it concludes that Plaintiff's claims are frivolous.

### 4.    Narrowly tailored and appropriate sanction

"Pre-filing orders "must be narrowly tailored to the vexatious litigant's wrongful behavior."  *Ringgold-Lockhart*, 761 F.3d at 1066 (citing *Molski*, 500 F.3d at 1061).  "In *Molski*, [the Ninth Circuit] approved the scope of an order because it prevented the plaintiff from filing 'only the type of claims Molski had been filing vexatiously,' and

'because it will not deny Molski access to courts on any ... claim that is not frivolous.'" *Id.* (quoting same).

Defendant's proposed Order would limit Plaintiff from filing any civil pleadings in the District of Idaho challenging the assessment or collection of federal income taxes (either filed against the United States or against federal employees and officers). This restriction is narrowly tailored to Plaintiff's wrongful behavior, i.e., repeated filing of frivolous suits based on Plaintiff's belief that he is a "non-taxpayer." This restriction would not deny Plaintiff access to the Court on any claim that is not frivolous.

**B.   Sanctions**

At the hearing, the Court proposed imposing a $1,000.00 sanction on Plaintiff for filing a frivolous complaint. Upon further consideration, the Court finds that a monetary sanction is not warranted.

## CONCLUSION

The Court has reviewed the file and Defendant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1.   The United States' Motion to Deem Clifford L. Noll a Vexatious Litigant and for Entry of Pre-Filing Order (Dkt. 10) is **GRANTED**.

2.   Plaintiff, Clifford L. Noll, is **PROHIBITED from filing any civil pleadings in this Court challenging the assessment or collection of federal income taxes (either filed against the United States or against federal officers)** unless and until those pleadings have been reviewed by a District Judge or Magistrate Judge for possible legal merit pursuant to Federal Rule of Civil Procedure 11 prior to being electronically filed and served, and that the United States, or individual defendants sued in their official or individual capacities, must only respond to such pleadings when ordered to by this Court.

The Clerk of Court is directed to file this Order and provide copies to Plaintiff and defense counsel.

ORDER - 10

1    **DATED** this 17th day of September, 2015.

2

3

4                                              s/ Wm. Fremming Nielsen
                                          WM. FREMMING NIELSEN
5    09-16-15                      SENIOR UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 11